[Cite as *Turner v. Lyndhurst*, 2017-Ohio-8452.]

| | |
|---|---|
| ELAINE TURNER | Case No. 2017-00379-PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>ENTRY ADOPTING</u> <u>RECOMMENDATION OF</u> <u>SPECIAL MASTER</u> |
| CITY OF LYNDHURST-MAYOR'S OFFICE | |
| Respondent | |

{¶1} On April 24, 2017, requester Elaine Turner filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B) by respondent City of Lyndhurst – Mayor's Office ("City"). Turner requested the mayor's 2016 expense report, any accounts payable documents or report regarding the animal control budget, and any public document regarding special fund 410. The City moved to dismiss the complaint on the grounds that: 1) the City had timely produced all pertinent documents that are responsive to Turner's requests, 2) Turner's requests were for information rather than for specific existing records, and 3) Turner made an impermissible request to create new records.

{¶2} On July 25, 2017, the Special Master issued a report recommending that the court issue an order dismissing the complaint for failure to state a claim, Civ.R. 12(B)(6), with the exception of requester's request for "[a]ny accounts payable documents * * * regarding the animal control budget" for 2016. The special master found that the City had provided Turner with the mayor's 2016 expense report and animal control budget report, thereby rendering those claims for production moot. The Special Master determined that the request for "any public document regarding special fund 410" was ambiguous and overly broad, and therefore an improper public records request. However, the special master noted that 15 documents identified in the reports provided by the City were clearly "accounts payable documents * * * regarding the

animal control budget," and recommended that the court order their production to Turner. On August 3, 2017, respondent filed and served a notice of compliance, with the withheld documents identified in the report and recommendation attached. Requester has not filed any response to the notice of compliance.

{¶3} R.C. 2743.75(F)(2) states, in part: "Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk * * *." No objections were filed by either party. The court determines that there is no error of law or other defect evident on the face of the Special Master's decision. Therefore, the court adopts the Special Master's report and recommendation as its own, including findings of fact and conclusions of law contained therein.

{¶4} The court further finds that the responsive documents identified by the Special Master have been produced in compliance with the report and recommendation, and that the request for those documents is now MOOT. However, although the court notes with approval the repeated efforts of the City to clarify and respond to the ambiguous and overly broad portions of the requests, the court finds that the provision of the accounts payable documents regarding the animal control budget more than six months after the request violated the requirement of R.C. 149.43(B)(1) that copies of those requested records be provided "within a reasonable period of time."

{¶5} Therefore, court costs are assessed to be shared equally by the parties, and respondent is ordered to make payment of twenty-five dollars to requester as recovery of her filing fee in this case. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

PATRICK M. McGRATH
Judge

cc:

Elaine Turner
1395 Richmond Road
Lyndhurst, Ohio 44124

Raymond J. Schmidlin, Jr.
840 Brainard Road
Highland Heights, Ohio 44143

**Filed October 17, 2017**
**Sent to S.C. Reporter 11/7/17**